UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| Mary Crowder, <br><br> Plaintiff, <br><br> – against– <br><br><br> D&A Services, LLC, Credit Shop, Inc., and Barclays Bank Delaware, <br><br> Defendant(s). | Civil Action No. <br><br><br> **COMPLAINT** |

**COMPLAINT**

Plaintiff, Mary Crowder (hereinafter "Plaintiff"), by and through her attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, D&A Services, LLC ("D&A"), Credit Shop, Inc. ("Credit Shop"), and Barclays Bank Delaware ("Barclays") alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**PARTIES**

2. Plaintiff, Mary Crowder, is an adult citizen of the State of Wisconsin.

1

3. Defendant D&A is a corporation registered to do business in Delaware that is regularly engaged in the business of collecting debts in Delaware.

4. Defendant Credit Shop is a corporation organized and existing under the laws of Delaware that is regularly engaged in the business of collecting debts in Delaware.

5. Defendant Barclays is a corporation organized and existing under the laws of Delaware.

6. D&A is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

7. Credit Shop is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States district court, without regard to the amount in controversy.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are residents of the state of Delaware.

## FACTUAL ALLEGATIONS

11. Defendants attempted to collect a debt allegedly owed by Plaintiff to Barclays relating to consumer purchases.

12. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and constitutes a "debt" for purposes of 15 U.S.C. § 1692a(5).

13. On or about July 9, 2018 Plaintiff and Barclays entered into a settlement agreement for Plaintiff's Barclays account ending in 5513. A copy of the settlement agreement is attached herein as Exhibit A.

14. Pursuant to the terms of the settlement, Plaintiff was required to make three (3) payments totaling $1,278.00.

15. The aforementioned settlement agreement constituted a written agreement by Barclays to settle Plaintiff's Barclays account, in consideration of settlement payments which Plaintiff would be required to make.

16. Plaintiff, via her debt settlement representative, timely made the requisite settlement payments.

17. However, Barclays only accepted and cashed the first two payments.

18. Plaintiff's debt settlement representative contacted Barclays to resolve the payment discrepancy. A Barclays representative explained that Plaintiff's account was no longer with Barclays.

19. Thereafter, Plaintiff's debt settlement representative contacted Credit Shop's Mercury Card Services to resolve the payment discrepancy.

20. A Credit Shop representative named Nicole explained that Credit Shop would not honor the original settlement agreement and that Plaintiff's account was no longer with Credit Shop.

21. Thereafter, Plaintiff's debt settlement representative contacted D&A to resolve the payment discrepancy. A D&A representative named Wade explained that D&A would not honor the original settlement agreement with Barclays.

22. Barclays' reneging on the settlement agreement with Plaintiff constitutes a breach of contract.

23. Credit Shop and D&A knew or should have known that their actions violated the FDCPA. Additionally, Credit Shop and D&A could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with said laws.

24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

25. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard of federal law and the rights of the Plaintiff herein.

## COUNT I

### (Breach of Contract)

26. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

27. Barclays acknowledged that they agreed to a settlement with Plaintiff, in consideration of the settlement payments which Plaintiff would be required to make.

28. Plaintiff timely made the requisite settlement payments.

29. Barclays accepted and cashed only the first two payments, thereby breaching the parties' agreement.

30. Barclays' reneging on its settlement agreement with Plaintiff constitutes a breach of contract.

31. As a result, Plaintiff has suffered actual and monetary damages.

## COUNT II

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

32. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

33. Barclays owed Plaintiff an implied covenant of good faith and fair dealing with respect to the settlement agreement entered between Barclays and Plaintiff.

34. By way of the foregoing conduct, Barclays breached the implied covenant of good faith and fair dealing that it owed to Plaintiff with respect to the settlement agreement.

35. Barclays has acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform its obligations under the settlement agreement.

36. Specifically, Barclays owed a duty to Plaintiff to take all steps to honor the original agreement and to not engage in conduct that might result in the settlement agreement not being honored.

37. As a result of Barclays' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## COUNT III

### (Fair Debt Collection Practices Act)

38. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

39. The above contacts between Credit Shop and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

40. The above contacts between D&A and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

41. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

42. FDCPA § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

43. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

44. Credit Shop violated these provisions by misrepresenting the balance on Plaintiff's account as $2,935.97, despite being aware that the settlement balance on Plaintiff's account was only $1,020.00.

45. D&A violated these provisions by misrepresenting the balance on Plaintiff's account as $2,935.97, despite being aware that the settlement balance on Plaintiff's account was only $1,020.00.

46. As a result of the above violations of the FDCPA, Credit Shop and D&A are liable to Plaintiff for actual damages, statutory damages under the FDCPA, attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1) That judgment be entered against Barclays for actual and monetary damages accrued by Plaintiff as a result of their breach of contract;

2) That judgment be entered against Barclays for actual and monetary damages accrued by Plaintiff as a result of their breach of the implied covenant of good faith and fair dealing;

3) That judgment be entered against Credit Shop and D&A for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

4) That judgment be entered against Credit Shop and D&A for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

5) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

6) That the Court grant such other and further relief as may be just and proper.

Dated: August 28, 2019

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*